DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NIPPONKOA INSURANCE COMPANY LTD.,          :

          *Plaintiff,*           :       08 CIV. 6224

   - against -                                  :

FRONTLINE CARRIER SYSTEMS, INC., and       :       Judge Berman
PRO RISING INTERNATIONAL, LTD.,                    **COMPLAINT**
                                            :
          *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff, Nipponkoa Insurance Company Limited (hereinafter "Nipponkoa" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

      1.    All and singular the following premises are true and constitute claims arising under the Court's federal question jurisdiction (28 U.S.C. §1331 and 49 U.S. § 14706), and/or supplemental jurisdiction (28 U.S.C. §1367) and/or arises under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a), as hereinafter more fully appears.

      2.    At all times material hereto, Plaintiff Nipponkoa was and is a corporation organized and existing under and by virtue of the laws of a foreign country (Japan) and was the insurer of the shipment which is the subject matter of this action.

3. Upon information and belief, Defendant Frontline Carrier Systems, Inc. (hereinafter "FCS" or "Defendant") and Defendant Pro Rising International Ltd. (hereinafter "PRI" or "Defendant"), are corporations organized and existing under laws of a foreign country (Canada), were and are doing business as common carriers of goods by road for hire and/or owned, chartered, managed and/or controlled trucks engaged in the carriage of goods by road for hire between and/or among other, locations in the United States and foreign countries. Defendants were the originating carriers of the Shipment at issue, Defendants operate within this District and do business and/or delivery in the State of New York.

4. Venue is proper here within the meaning of 28 U.S.C. § 1391 (c) and/or 49 U.S.C. 14706(d) because Defendants are the receiving or delivering carriers and/ or do business and operates trucks and routes throughout the 48 contiguous United States including the state of New York and the area comprising the Southern District of New York.

5. On or about December 19, 2006 there was shipped by Ricoh Company Ltd. a shipment which consisted of printing/coping equipment then being in good order and condition (the "Shipment"). Defendants FCS and/or PRI arranged, received and accepted the Shipment at Mississauga, Ontario. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants FCS and/or PRI further agreed to transport and carry the said Shipment to Breinigsville, Pennsylvania and there deliver same in like good order and condition. The carriage was described in a certain bill of lading issued by Defendant FCS, numbered 700107626, dated on or about December 18, 2006.

6. Upon information and belief, at or about 2:00 a.m. on December 13, 2006, on Interstate 86 between exists 39 and 40 (eastbound) in Bath, New York, the operator of Defendants' truck carrying the Shipment fell asleep at the wheel, eventually causing the truck to roll over causing severe damage to the Shipment.

7. Thereafter, Defendants did not make delivery of the Shipment in like good order and condition as when shipped, delivered to and received by it, but on the contrary, seriously injured and impaired in value, all in violation of Defendants' obligations and duties as a common carriers of merchandise for hire, and to perform their services in a careful, workmanlike manner, and otherwise in violation of their duties.

8. Plaintiff insured the Shipment and has incurred and will incur substantial losses as a result of the damage to the Shipment.

9. Plaintiff and its assured have performed all conditions on their parts to be performed.

10. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid, although duly demanded, in a sum estimated to be up to or exceeding U.S. $235, 000.00.

11. By reason of the foregoing, each of the Defendants was a common carrier of merchandise and/or a freight forwarder within the meaning the Carmack Amendment, 49 U.S.C.§ 14706, and/ or a cargo broker.

### FIRST CAUSE OF ACTION

#### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

12. Plaintiff incorporates herein by reference the allegations of paragraphs 1-11 above and all of the allegations below.

13. Each Defendant breached its duties as such under the Carmack Amendment and/or under its contract with Plaintiff's assured Ricoh.

14. By reason of the foregoing, Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $235,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1-14 above all of the allegations below.

16. The Defendants were acting as bailees of the Shipment at the time it was damaged. Defendants thereby, or through their contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the Shipment in the same condition as when entrusted to then and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

17. By reason of the foregoing, Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $235,000.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

18. Plaintiff incorporates herein by reference the allegations of paragraphs 1-17 above all of the allegations below.

19. Defendants FCS and/or Pro Rising, directly or through their employees, agents or independent contractors, each negligently, with gross negligence, recklessly and/or willfully failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or negligently, with gross negligence, recklessly and/or willfully failed to manage the shipping process and/or handle the Shipment such as was required to be safe and would be sufficient to prevent the damage to the Shipment.

20. The Shipment suffered loss as alleged herein, as a proximate result of Defendant FCS' and/or Pro Rising's said negligent, grossly negligent, reckless and/or willful conduct.

21. Defendants FCS and/or Pro Rising are accordingly liable to Plaintiffs in an amount estimated to be or exceed U.S. $235,000.00.

WHEREOF, Plaintiff says:

1. That process in due form of law may issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
July 8, 2008

                                    MALOOF BROWNE & EAGAN LLC

                                    By: _____
                                    David T. Maloof (DM 3350)
                                    Thomas M. Eagan (TE 1713)
                                    411 Theodore Fremd Ave., Suite 190
                                    Rye, NY 10580
                                    Tel: (914) 921-1200
                                    Fax: (914) 921-1023
                                    Email:maloof@maloofandbrowne.com
                                            teagan@maloofandbrowne.com
                                    *Attorneys for Plaintiff*

F:\WP-DOCS\1415.12\051508 Revised Complaint.doc