Brian Del Gatto (BD7759)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
177 Broad Street, 6th Floor
Stamford, CT 06901
Tel: (203) 388-9100
Fax: (203) 388-9101
Attorneys for Defendant Pro Rising International, Ltd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NIPPONKOA INSURANCE CO. LTD

    Plaintiff,

           -against-

FRONTLINE CARRIER SYSTEMS, INC. AND PRO RISING INT'L, LTD.,

    Defendants.

---

**Case No.: 1:08-cv-06224-RMB**

## ANSWER OF DEFENDANT PRO RISING INTERNATIONAL, LTD. WITH AFFIRMATIVE DEFENSES

Now comes the Defendant, PRO RISING INTERNATIONAL, LTD. (hereinafter "Pro Rising"), and hereby responds to the individually numbered paragraphs of the Complaint as follows:

### AS FOR FACTUAL ALLEGATIONS

1.    The allegations contained in Paragraph 1 of the Complaint are legal conclusions to which no response is necessary.

2. Pro Rising is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

3. Pro Rising is without knowledge or information sufficient to form a belief as to the allegations regarding Frontline Carrier Systems, Inc. (hereinafter "FCS") contained in Paragraph 3 of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial. Pro Rising admits the remaining allegations of Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is necessary.

5. Pro Rising denies the allegations contained in Paragraph 5 of the Complaint.

6. Pro Rising denies the allegations contained in Paragraph 6 of the Complaint.

7. Pro Rising denies the allegations contained in Paragraph 7 of the Complaint.

8. Pro Rising is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

9. Pro Rising is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

10. Pro Rising denies the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is necessary.

## AND AS TO THE FIRST CAUSE OF ACTION – UNDER THE CARMACK AMENDMENT

12. Pro Rising incorporates herein by reference responses to allegations of Paragraphs 1-11 inclusive above and all the responses below.

13. Pro Rising is without knowledge or information sufficient to form a belief as to the allegations regarding FCS contained in Paragraph 13 of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial. Pro Rising denies the allegations regarding Pro Rising contained in Paragraph 13 of the Complaint.

14. Pro Rising denies the allegations in Paragraph 14 of the Complaint.

## AND AS TO THE SECOND CAUSE OF ACTION – BREACH OF BAILMENT OBLIGATIONS

15. Pro Rising incorporates herein by reference responses to allegations of Paragraphs 1-14 inclusive above and all the responses below.

16. Pro Rising is without knowledge or information sufficient to form a belief as to the allegations regarding FCS contained in Paragraph 16 of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial. Pro Rising denies the allegations regarding Pro Rising contained in Paragraph 16 of the Complaint.

17. Pro Rising denies the allegations in Paragraph 17 of the Complaint.

## AND AS TO THE THIRD CAUSE OF ACTION – NEGLIGENCE

18. Pro Rising incorporates herein by reference responses to allegations of Paragraphs 1-17 inclusive above and all the responses below.

19. Pro Rising is without knowledge or information sufficient to form a belief as to the allegations regarding FCS contained in Paragraph 19 of the Complaint, and accordingly,

denies these allegations and demands proof thereof at the time of trial. Pro Rising denies the allegations regarding Pro Rising contained in Paragraph 19 of the Complaint.

20. Pro Rising denies the allegations contained in Paragraph 20 of the Complaint

21. Pro Rising denies the allegations contained in Paragraph 21 of the Complaint.

## AND AS FOR AFFIRMATIVE DEFENSES

22. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

23. Plaintiff lacks standing and capacity to assert any claims against Pro Rising as it was not the consignee in connection with the claims at issue, was not the purchaser of the transport services or the benefits owner of the alleged damaged shipment.

24. This Honorable Court lacks subject matter jurisdiction by reason of the Plaintiff's failure to join indispensable parties pursuant to Fed. Rule Civ. Pro. Rule 19.

25. All or some of the plaintiff's claims are preempted by federal common law, the Carmack Amendment, 49 U.S.C. § 14706 et seq., and/or Canadian law.

26. Plaintiff's claims are untimely and barred pursuant to the provisions of the contract of carriage as evidence by the language found in the applicable bill(s) of lading, applicable agreements, including, but not limited to, FCS's Service Conditions, and applicable law.

27. Plaintiff's claims for damages, to the extent there are any, are limited by the contract of carriage as evidences by the language found on the applicable bill(s) of lading, applicable agreements, including, but not limited to, FCS's Service Conditions, and applicable law to the aggregate sum not in excess of $2.00 U.S. per pound of cargo actually lost or damaged as a result of Defendants' actions.

110784.1

28.    To the extent that Plaintiff or any other parties incurred any damages as a result of the claims alleged in Plaintiff's Complaint, Plaintiff is barred from recovered of said damages because of the failure of the Plaintiff's and/or its agents, servants, assignors, assignees, insureds, employees, or other parties under Plaintiff's control to properly and reasonably mitigate, avoid, and/or minimize the damages.

29.    To the extent that Plaintiff or any other parties incurred any damages as a result of the claims alleged in Plaintiff's Complaint, said damages were due to insufficiency of packaging for which Pro Rising is not liable.

30.    To the extent that Plaintiff or any other parties incurred any damages as a result of the claims alleged in Plaintiff's Complaint, said damages were due to the negligence of the Plaintiff and/or its agents, servants, assignors, assignees, insureds, employees, or other parties under Plaintiff's control.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

31.    Pursuant to Fed. R. Civ. Pro. Rule 44.1, Pro Rising hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

**WHEREFORE**, Defendant Pro Rising International, Ltd., respectfully demands judgment dismissing the Plaintiff's Complaint with prejudice in its entirety or, alternatively, judgment limiting liability of all Defendants pursuant to the foregoing, together with costs and disbursement of defending the within action and other relief as this Honorable Court deems just and proper.

Dated:    Stamford, Connecticut

110784.1

July 24, 2008

                                          Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
      Brian Del Gatto (BD7759)

110784.1

## CERTIFICATE OF SERVICE

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the following is true and correct; that on July 24, 2008, I caused to be served, via the Electronic Case Filing system and regular mail, a copy of the foregoing upon the following counsel of record:

TO:  David T. Maloof
     Thomas M. Eagan
     Maloof, Browne & Eagan LLC
     411 Theodore Fremd Ave, Suite 190
     Rye, NY 10580
     *Attorneys for the Plaintiff*

　　　　　　　　　　　　　　　　　　　　Brian Del Gatto (BD7759)

110784.1