396,353

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NIPPONKOA INSURANCE COMPANY, LTD.,

                Plaintiff,                                      **ANSWER WITH**
                                                                     **COUNTERCLAIMS**
                -against-                                    **AND CROSS-CLAIMS**

FRONTLINE CARRIER SYSTEMS, INC. and        08 CV 6224 (RMB)
PRO RISING INTERNATIONAL, LTD.,

                Defendants.
------------------------------------------------------------X

        Defendant, FRONTLINE CARRIER SYSTEMS, INC., by and through its attorneys, MENDES & MOUNT, LLP, as and for its answer to plaintiff's Complaint, dated July 8, 2008, alleges the following, upon information and belief:

        1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraphs designated "1" and "2" of the Complaint.

        2.    Answering the paragraph designated "3" of the Complaint, admits that it is a corporation duly organized and existing under and by virtue of the laws of Canada and, except as hereinbefore expressly admitted, denies each and every allegation contained in the paragraph designated "3".

        3.    Denies each and every allegation contained in the paragraphs designated "4", "6", "7", "8", "9", "10" and "11" of the Complaint.

        4.    Answering the paragraph designated "5" of the Complaint, denies that it issued any bill of lading in connection with the subject shipment and denies that it agreed to transport or

carry the subject shipment to its intended destination and, except as hereinbefore expressly denied, denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "5".

### ANSWERING THE FIRST CAUSE OF ACTION

5. Answering the paragraph designated "12" of the Complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

6. Denies each and every allegation contained in the paragraphs designated "13" and "14" of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

7. Answering the paragraph designated "15" of the Complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

8. Denies each and every allegation contained in the paragraphs designated "16" and "17" of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

9. Answering the paragraph designated "18" of the Complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

10. Denies each and every allegation contained in the paragraphs designated "19", "20" and "21" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. That the Complaint fails to state a cause of action for which relief may be granted against defendant, FRONTLINE CARRIER SYSTEMS, INC.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. That this Court lacks subject matter jurisdiction.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. That this Court does not have personal jurisdiction over defendant and defendant was not properly served.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. That venue is not properly laid in this Court and, as a consequence, the Complaint should be dismissed in all respects.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. That this action should be dismissed pursuant to the doctrine of *forum non conveniens*.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. That the damages alleged in the Complaint resulted from the acts and/or omissions of third parties for whom defendant, FRONTLINE CARRIER SYSTEMS, INC., is not responsible.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. That the subject shipment was an international transportation and, as such, was governed, controlled and made subject to any applicable terms and provisions of the Carmack

Amendment, and/or Canadian Law and/or other governing law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. That defendant, FRONTLINE CARRIER SYSTEMS, INC., has no liability to plaintiff or to any other person for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of defendant, FRONTLINE CARRIER SYSTEMS, INC.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. That defendant, FRONTLINE CARRIER SYSTEMS, INC., was not negligent and took all necessary measures to avoid any loss, damage or delay to the subject shipment.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. That the Complaint fails to join an indispensable party or parties needed for a just adjudication.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

21. That the alleged loss, damage or delay was caused by or contributed to by the plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., its agents, servants and/or employees, and not by any acts or omissions by defendant, FRONTLINE CARRIER SYSTEMS, INC.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

22. That pursuant to any applicable provisions of the Carmack Amendment and/or Canadian Law and/or other governing law, defendant, FRONTLINE CARRIER SYSTEMS, INC., has no liability to plaintiff or to any other person for any loss, damage or delay to the

4

subject shipment in that defendant, FRONTLINE CARRIER SYSTEMS, INC., and performed each and every obligation and duty required of it.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

23. That pursuant to any applicable provisions of the Carmack Amendment and/or Canadian Law (FRCP 44.1) and/or other governing law, defendant, FRONTLINE CARRIER SYSTEMS, INC., has no liability to plaintiff or to any other person for any consequential and/or special damages to the subject shipment arising out of or in any way connected with the loss, damage or delay thereof.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

24. That pursuant to any applicable provisions of the Carmack Amendment and/or Canadian Law (FRCP 44.1) and/or other governing law, defendant, FRONTLINE CARRIER SYSTEMS, INC., has no liability to plaintiff or to any other person and that the alleged loss, damage or delay to the subject shipment was caused by or contributed to by improper or defective packaging or packing and/or the inherent nature of the merchandise and/or the act of a public authority.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

25. That pursuant to any applicable provisions of the Carmack Amendment and/or Canadian Law (FRCP 44.1) and/or other governing law, defendant, FRONTLINE CARRIER SYSTEMS, INC., has no liability to plaintiff or to any other person for any loss, damage or delay to the subject shipment in that the proper written notice of claim herein was not filed with defendant, FRONTLINE CARRIER SYSTEMS, INC., within the applicable time limit and/or

suit was not brought within the applicable statute of limitation.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

26.     That pursuant to any applicable provisions of the Carmack Amendment and/or Canadian Law (FRCP 44.1) and/or other governing law, the liability of defendant, FRONTLINE CARRIER SYSTEMS, INC., if any, is limited to an aggregate sum of the particular items of cargo allegedly lost or damaged by defendant, FRONTLINE CARRIER SYSTEMS, INC.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

27.     That plaintiff and/or its assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., failed to mitigate its/their alleged damages.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

28.     That defendant, FRONTLINE CARRIER SYSTEMS, INC., will rely on each and every applicable provision of the Carmack Amendment, if any, and/or Canadian Law (FRCP 44.1) and/or any other governing law which tend to limit and/or exclude its liability herein.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

29.     That defendant, FRONTLINE CARRIER SYSTEMS, INC., was not acting as a receiving or delivering carrier in connection with the subject shipment.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

30.     That defendant, FRONTLINE CARRIER SYSTEMS, INC., was acting as a load broker and/or agent of plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp.,

and/or Ricoh Corporation and/or Ricoh Canada, Inc., in connection with the subject shipment.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

31. That if, and in the event, defendant, FRONTLINE CARRIER SYSTEMS, INC., is found to have been acting as a receiving or delivering carrier in connection with the subject shipment, which it specifically denies, and/or in any other capacity, that pursuant to any terms of bills of lading and/or by accepting a rate quotation and in using the services of defendant, FRONTLINE CARRIER SYSTEMS, INC., plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., agreed that any liability, whether for breach of any contract or duty or in negligence, or otherwise, as may be alleged against defendant, FRONTLINE CARRIER SYSTEMS, INC., in connection with the subject shipment is limited to the lesser of (a) the actual value of the goods lost or damaged at the time and place of origin; (b) an amount equal to $2.00 CDN per pound, as calculated by the value of the goods actually lost or damaged, but that in no event shall any liability of defendant, FRONTLINE CARRIER SYSTEMS, INC., exceed an amount of $100,000 CDN in respect of any loss or damage to a shipment.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

32. That if, and in the event, defendant, FRONTLINE CARRIER SYSTEMS, INC., is found to have been acting as a receiving or delivering carrier in connection with the subject shipment, which it specifically denies, and/or in any other capacity, the liability of defendant, FRONTLINE CARRIER SYSTEMS, INC., if any, in respect of the subject shipment, including for any loss, damage, delay, non-delivery or failure to deliver, is limited to $2.00 per

pound/$4.41 per kilogram computed on the total weight of the subject shipment and/or subject damaged shipment.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

33. That if, and in the event, defendant, FRONTLINE CARRIER SYSTEMS, INC., is found to have been acting as a receiving or delivering carrier in connection with the subject shipment, which it specifically denies, and/or in any other capacity, that pursuant to any terms of bills of lading and/or by accepting a rate quotation and in using the services of defendant, FRONTLINE CARRIER SYSTEMS, INC., plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., agreed that defendant, FRONTLINE CARRIER SYSTEMS, INC., shall in no event be liable whatsoever for any claims in respect of consequential damages, including but not limited to damages for loss or damage to goods or for any delay in delivery of a goods to destination.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

34. That if, and in the event, defendant, FRONTLINE CARRIER SYSTEMS, INC., is found to have been acting as a receiving or delivering carrier in connection with the subject shipment, which it specifically denies, and/or in any other capacity, that pursuant to any terms of bills of lading and/or by accepting a rate quotation and in using the services of defendant, FRONTLINE CARRIER SYSTEMS, INC., plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., agreed that in the event there was an intent to claim against defendant, FRONTLINE CARRIER SYSTEMS, INC., in connection with any loss or damage, plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh

Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., must immediately notify defendant, FRONTLINE CARRIER SYSTEMS, INC., in writing, and in any event no later than 30 days from the date of such loss or damage, or in the case of the non-delivery of the shipment at destination, within a period of 30 days from when the shipment was reasonably expected to have been delivered, and that defendant, FRONTLINE CARRIER SYSTEMS, INC., will not be liable in any event for any claim whatsoever if it is not provided with a Notice of Loss within this time period, setting forth the notification of claim of plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., against defendant, FRONTLINE CARRIER SYSTEMS, INC., and the particulars of the shipment and the bill of lading concerned.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

35. That if, and in the event, defendant, FRONTLINE CARRIER SYSTEMS, INC., is found to have been acting as a receiving or delivering carrier in connection with the subject shipment, which it specifically denies, and/or in any other capacity, that pursuant to any terms of bills of lading, and/or by accepting a rate quotation and in using the services of defendant, FRONTLINE CARRIER SYSTEMS, INC., plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., agreed that and any and all services provided by defendant, FRONTLINE CARRIER SYSTEMS, INC., shall be governed by and construed in accordance with the laws of the province of Ontario, Canada, and that defendant, FRONTLINE CARRIER SYSTEMS, INC., and plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada,

Inc., would submit to the exclusive jurisdiction and venue of the court of the province of Ontario, Canada.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

36. That defendant, FRONTLINE CARRIER SYSTEMS, INC., reserves its rights to amend this pleading to reflect additional affirmative defenses as may be revealed through discovery and further pleadings.

## AS AND FOR A FIRST COUNTERCLAIM

37. That defendant, FRONTLINE CARRIER SYSTEMS, INC., incorporates by reference all allegations of the above answer and affirmative defenses to the complaint, and repeats, reiterates and realleges each and every response hereinbefore made with the same force and effect as if here set forth in full at length.

38. That at all times complained of herein, defendant, FRONTLINE CARRIER SYSTEMS, INC., was and still is a corporation, duly organized and existing under and by virtue of the laws of Canada, with an office and principal place of business located at 2788 Portland Drive, Oakville, Ontario, Canada.

39. That at all times complained of herein, plaintiff, NIPPONKOA INSURANCE COMPANY, LTD., was and still is a corporation, duly organized and existing under and by virtue of the laws of Japan.

40. That at all times complained of herein, defendant, PRO RISING INTERNATIONAL, LTD., was and still is a corporation, duly organized and existing under and

by virtue of the laws of Canada, with an office and principal place of business located at 5468 Dundas Street West, Etobicoke, Ontario, Canada.

41.     That at all times complained of herein, plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., was and still are corporations or other business entities, duly organized and existing under and by virtue of the laws of Canada, the United States, or other country with an office and principal places of business located at 5520 Explorer Drive, Suite 300, Mississauga, Ontario, Canada, and/or 5 Dedrick Place, West Caldwell, N.J. and/or 8150 Industrial Boulevard, Breinigsville, PA.

42.     That upon information and belief, on or about December 19, 2006, and/or December 12, 2006 plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., shipped a shipment consisting of printing/copying equipment ("the subject shipment") from Mississauga, Ontario, Canada, bound for Breinigsville, Pennsylvania, USA.

43.     That plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., retained defendant, FRONTLINE CARRIER SYSTEMS, INC., to act as its load broker and/or agent in connection with the subject shipment.

44.     That as the load broker and/or agent of plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., defendant, FRONTLINE CARRIER SYSTEMS, INC., arranged for defendant, PRO RISING INTERNATIONAL, LTD., to act as the highway carrier for the subject shipment.

45. That upon information and belief, plaintiff's assured, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., as shipper, issued a certain bill of lading, and/or document and/or receipt numbered 700107628, and/or 700107626 dated on or about December 12, 2006, and/or December 19, 2006 in connection with the subject shipment.

46. That upon information and belief, annexed hereto and made a part hereof, as Exhibit "A", is a true and accurate copy of the front of an aforesaid bill of lading and/or document and/or receipt issued by plaintiff's assureds, Ricoh Company Ltd. and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc.

47. That upon information and belief, the annexed bill of lading and/or document and/or receipt was signed by authorized representatives of plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., as shipper, and defendant, PRO RISING INTERNATIONAL, LTD., as highway carrier.

48. That the annexed bill of lading and/or document and/or receipt incorrectly, impermissibly and/or improperly lists defendant, FRONTLINE CARRIER SYSTEMS, INC., as the "carrier" for the subject shipment.

49. That as subrogee of its assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., plaintiff, NIPPONKOA INSURANCE COMPANY, LTD., has assumed all of its assured's legal rights, privileges, priorities, remedies, judgments, duties, obligations and liabilities in connection with the subject shipment.

## AS AND FOR A SECOND COUNTERCLAIM

50. That defendant, FRONTLINE CARRIER SYSTEMS, INC., repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "37" through "49", inclusive, with the same force and effect as if here set forth in full at length.

51. That if, and in the event, defendant, FRONTLINE CARRIER SYSTEMS, INC., is found to have been acting as a receiving or delivering carrier in connection with the subject shipment, which it specifically denies, and/or in any other capacity and if, and in the event, defendant, FRONTLINE CARRIER SYSTEMS, INC., is found liable in any respect for any loss, damage, delay, non-delivery or failure to deliver in connection with the subject shipment, said liability was wholly caused and occasioned by the intentional conduct, carelessness, negligence, acts, omissions and/or breach of contract by plaintiff's assureds, Ricoh Company Ltd., and/or Ricoh Americas Corp., and/or Ricoh Corporation and/or Ricoh Canada, Inc., and not by any carelessness, negligence, acts or omissions by defendant, FRONTLINE CARRIER SYSTEMS, INC.

## AS AND FOR A FIRST CROSS-CLAIM

52. That defendant, FRONTLINE CARRIER SYSTEMS, INC., repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "37" through "51", inclusive, with the same force and effect as if here set forth in full at length.

53. That if plaintiff was caused to sustain damages at the time and place alleged in the Complaint, due to any culpable conduct other than plaintiff's assureds' own, and if said damages arose, in whole or in part, from the culpable conduct of defendant, FRONTLINE

13

CARRIER SYSTEMS, INC., and if any judgment is recovered herein by plaintiff against defendant, FRONTLINE CARRIER SYSTEMS, INC., then defendant, FRONTLINE CARRIER SYSTEMS, INC., will be damaged thereby; and, therefore, defendant, FRONTLINE CARRIER SYSTEMS, INC., demands judgment for contribution from defendant, PRO RISING INTERNATIONAL, LTD.; that the respective degrees of negligence and/or culpable conduct of defendant, FRONTLINE CARRIER SYSTEMS, INC., and defendant, PRO RISING INTERNATIONAL, LTD., be ascertained, determined and adjudicated; and that defendant, FRONTLINE CARRIER SYSTEMS, INC., have judgment over defendant, PRO RISING INTERNATIONAL, LTD., for all or part of any verdict or judgment obtained by plaintiff against defendant, FRONTLINE CARRIER SYSTEMS, INC.

### AS AND FOR A SECOND CROSS-CLAIM

54. That defendant, FRONTLINE CARRIER SYSTEMS, INC., repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "37" through "53", inclusive, with the same force and effect as if here set forth in full at length.

55. That if, and in the event, plaintiff sustained damages as alleged in the Complaint, such damages were caused, in whole or in part, by the culpable conduct or purposeful acts and/or omissions of defendant, PRO RISING INTERNATIONAL, LTD., and not by any culpable conduct, acts or omissions by defendant, FRONTLINE CARRIER SYSTEMS, INC.; therefore, if, and in the event, plaintiff recovers any sum or judgment against defendant, FRONTLINE CARRIER SYSTEMS, INC., then defendant, FRONTLINE CARRIER SYSTEMS, INC., will be damaged thereby; and, therefore, defendant, FRONTLINE CARRIER

SYSTEMS, INC., is entitled to indemnification from defendant, PRO RISING INTERNATIONAL, LTD., in contract and/or in tort, for the full amount of any such sum or judgment, including attorneys' fees, costs and disbursements.

**WHEREFORE,** defendant, FRONTLINE CARRIER SYSTEMS, INC., demands judgment dismissing the Complaint, together with costs, disbursements, interest and attorneys' fees.

**Dated:** New York, New York
August 25, 2008

      **Yours, etc.,**

      MENDES & MOUNT, LLP
Attorneys for Defendant
FRONTLINE CARRIER SYSTEMS, INC.
750 Seventh Avenue
New York, NY 10019-6829
(212) 261-8000

      **By:** _____
Stephen V. Rible
(SR-4405)

**To:**  MALOOF BROWNE & HAGAN LLC
Attorneys for Plaintiff
411 Theodore Fremd Avenue – Suite 190
Rye, NY 10580
(914) 921-1200

WILSON ELSER MOSKOWITZ EDELMAN & DICKER
Attorneys for Defendant
PRO RISING INTERNATIONAL, LTD.
177 Broad Street, 6th Floor
Stamford, CT 06901-2048
(203) 388-9100

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2008, the foregoing ANSWER WITH COUNTERCLAIMS AND CROSS-CLAIMS was duly served by depositing a true and correct copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed to:

Maloof Browne & Hagan LLC
411 Theodore Fremd Avenue – Suite 190
Rye, NY 10580

Wilson Elser Moskowitz Edelman & Dicker
177 Broad Street, 6th Floor
Stamford, CT 06901-2048

Stephen V. Rible
(SR-4405)

Exhibit A

Bill of Lading

Exhibit A

B/L# 700107628

TO:
Ricoh Corporation -Savin
Attn: Heidi Fithian
8150 Industrial Blvd
Breinigsville, PA 18031

FROM:
Ricoh Canada Inc.
326 Superior Blvd.
Mississauga, ON L5T 2N7

Order # 700107628
Cust PO#
Carrier: FRONTL Frontline Carriers
Date    12/12/06

| Order Number | Description | Weight lbs | Pieces |
|---|---|---|---|
| 700107628 | | 28500 | 69 |

PREPAID [ ]    COLLECT [X]    THIRD PARTY [ ]    Total Weight    28500 lbs

C.O.D. AMT    $
DECLARED VALUE $

Total Shipping Units    69

This Bill of Lading represents a contract between the Shipper, Carrier, Consignee and/or their Agent, and it is agreed that the acceptable business practices of the Bill of Lading Act and/or Federal and Provincial legislation or regulations will apply.

Shipper's Signature    [signature]
Date    DEC 12/06

Driver's Signature    PRO RISING Int'l — [signature]
Date    12.12.06

PAYLOAD tm Copyright (c) Generic Design Systems Corporation 1986-94 All Rights Reserved    Form SFBL/DPG-v2.20